## HENRY SACKETT *vs.* THE TOWN OF GREENWICH.

A highway was laid out by the selectmen of a town, nearly parallel with the track of a railroad company. Between the railroad track and the highway so laid out, there was, throughout its entire length, an open space of ground, which was in part within the limits of the railroad company's right of way, and in part owned by them in fee. The depot of the company stood upon

this open space, which furnished the only means of access to the depot, and had been for twenty years used by the public for a highway. The highway laid out was composed of a strip of land lying contiguous to the open space, and the object of the selectmen in laying it out was to provide, in connection with the open space, a safe and convenient way to and from the depot.

Upon a petition to set aside the proceedings of the selectmen in laying out the highway, a committee found that the highway as laid out was of common convenience and necessity ; that they were unable to determine from the facts before them whether the open space was a public highway or not, but that the interests of the railroad company required that it should be used, as it had been, for public travel ; that they were satisfied that such use would continue, and as long as it continued there was no necessity for a highway wider than that laid out by the selectmen. The committee further found that, in the condition of things as they were and were likely to continue, the lay-out was judicious and proper, and within the legitimate powers of the selectmen ; that the lay-out, by itself and unconnected with the use of the open space, was too narrow to accommodate public travel, and that, if the open space should be closed, the lay-out would need to be widened, for which purpose there was ample and convenient land adjacent.

Held, that under the circumstances of the case the action of the selectmen was prudent and discreet, and that the lay-out of the highway should not be set aside.

PETITION to set aside the proceedings of the selectmen of the town of Greenwich in laying out a highway ; facts found by a committee, remonstrance by the petitioner to the acceptance of the report, and reservation for advice. The case is sufficiently stated in the opinion.

*Curtis* and *Child*, for the petitioner.

*Olmstead*, for the respondents.

FOSTER, J. The selectmen of the town of Greenwich laid out a public highway in said town, running in an easterly and westerly direction, nearly parallel with, and northerly of, the track of the New York & New Haven Railroad Company. The town accepted the lay-out. The petitioner brought his petition to the Superior Court, praying that the doings of the selectmen in the matter of this lay-out might be set aside. A committee was appointed by said court, who have heard the parties, and made their report. The question as to its acceptance, and what decree shall be passed, is reserved for the consideration and advice of this court.

Sackett *v.* Town of Greenwich.

It appears that between said railroad track and the highway thus laid out, there is throughout its entire length an open space of ground, which for upwards of twenty years past has been used, and is now used, by the public as a highway. The Greenwich depot of the railroad is on this open space, and it furnishes the only means of access to the depot. This space is within the limits in part of the railroad company's right of way, and is made up in part of land purchased in fee by the railroad company. It is narrow, not sufficient to accommodate public travel, and so cramped as to be at times quite dangerous for travelers. The highway in question is composed of a strip of land lying contiguous to, and on the northerly side of, this open space. The object of the selectmen in laying it out was, that, taken in connection with said open space, there would be a convenient and safe passage way to and from said railroad depot.

The petitioner seeks to have the proceedings in regard to this lay-out set aside, on either of two grounds, substantially these: first, if the open space which has so long been used by the public for travel be in fact a public highway, the present lay-out is but an enlargement, an alteration, of an existing highway; a work which the selectmen have no authority by law to perform: second, if this open space is not a public highway, then the railroad company may at their pleasure at any time enclose it, and exclude the public from it; in which event the present lay-out will be wholly insufficient to supply the public wants, and be therefore useless.

The committee find that said highway as laid out was and is of common convenience and necessity; that they were unable to determine from the facts before them the precise state and condition of the open space above referred to, whether the same was a public highway or not, (the railroad company was not a party to the proceeding;) that, whatever the rights of the railroad company might be, their interests required that the space should be used, as it had been, for public travel; that the committee were satisfied that said use would continue; that so long as the use continued there was and is no necessity for a highway wider than that laid out by

the selectmen, and that in the condition of things as they are and have been, and are likely to continue to be, the lay-out is judicious and proper, and within the legitimate powers of the selectmen. The committee also find that said lay-out, unconnected with the use of said open space, and by itself, is too narrow to accommodate public travel; that should said open space be closed, said lay-out would need to be widened in order to accommodate public travel, and the ground on the north is entirely convenient for such widening, whenever it may become necessary.

On looking through these proceedings, we are all of opinion that the report of the committee should be accepted, and that the lay-out of the highway by the selectmen should not be set aside. The case does not turn upon any technical or legal point, and so we think it unnecessary to determine, otherwise than by a general decision, the questions propounded by the petitioner. The power given by statute, section 23, page 496, to selectmen to lay out public highways in their respective towns, is most ample. They may lay out such "as they shall judge necessary," their own discretion being the only restriction. Their action in this case seems to have been most prudent and discreet. They have provided abundantly for a public want, as things are and as they are likely to be, by the highway as laid. Should an event so improbable as that this way should need to be widened hereafter happen, an additional strip of land on the northerly side of the way can conveniently be taken to meet the exigency. It is unwise to incur present expense to meet an event which is unlikely ever to happen, if we shall be equally well prepared to meet it, as we now are, if it ever should happen.

We advise the Superior Court to accept the report of the committee, and dismiss the petitioner's bill.

In this opinion the other judges concurred.