GEORGE W. MILLER ET AL., SELECTMEN OF HARTLAND, *vs.*
THE COLONIAL FORESTRY COMPANY ET AL.

First Judicial District, Hartford, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A legislative Act (Special Laws of 1899, p. 372) authorized the select-
men of Hartland, " upon the petition of not less than ten of the le-
gal voters of said town," to lay out "a highway leading to any
public pond or lake lying wholly or in part" therein. Section 2
of the Act provided that the acceptance by the town of the layout
should be conclusive upon the question of the public convenience
and necessity of such highway, and that all persons interested should
have the right to be heard upon that question in the meeting of the
town called to act on the report of the selectmen. In all other re-
spects the Act prescribed the requisites to a legal layout under the
existing general statutes. Upon application of the selectmen for
the appointment of appraisers to assess benefits and damages, it was
*held :* —
1. That the *purpose of the first section of the Act was merely to require*
   the additional formality of a petition of ten voters, and not to
   authorize the layout of a highway which was not for a public use
   and therefore could not be laid out under existing general laws.
2. That the provision in the Act, to the effect that the highway should
   not be opened across the land of any person who declared himself
   aggrieved, "within two months after the acceptance of the survey,"
   when read in the light of the legislative policy of the State for more
   than a century, must be construed as intended to afford an aggrieved
   person an opportunity to apply to the Superior Court for relief.
3. That if such construction was inadmissible because repugnant to the
   provision that the action of the town meeting should be final upon
   the matter of public convenience and necessity, then the latter rather
   than the former provision must give way and be treated as ineffective.
4. That even if the clause respecting the conclusive effect of the town's
   action accepting the layout, should be adjudged unconstitutional
   and void, appraisers would still have to be appointed, since that
   clause was independent and separable, and the other provisions of
   the Act were valid and sufficient to justify such appointment.

Argued January 3d—decided February 6th, 1901.

APPLICATION for the appointment of a committee to ap-
praise the damages and benefits accruing to the defendants
by reason of the layout of a certain highway in the town of

Hartland, pursuant to a special act of the General Assembly, brought to and heard by the *Hon. Samuel O. Prentice*, a judge of the Superior Court, upon demurrer to the complaint; the judge sustained the demurrer, held the special act to be unconstitutional, and rendered judgment for the defendants, and the plaintiffs appealed for alleged errors in the rulings of the judge. *Error and cause remanded.*

The complaint alleges facts essential to a lawful layout under § 2699 of the General Statutes, and that " in pursuance of an Act entitled 'An Act concerning the Layout of a Highway in the Town of Hartland' approved June 14th, 1899," the petitioners, acting as selectmen, and "upon the petition of not less than ten of the legal voters of said town of Hartland," laid out the highway described in the survey, leading to Hartland pond and along the shore of said pond, and that said pond is a public pond or lake situated in whole or in part in the town of Hartland.   To this complaint the defendants demurred, specifying three grounds: The first was for a defect in pleading, avoided by a subsequent amendment.   2. The Act* authorizes defendant's property to be

---

*Section 1. The selectmen of the town of Hartland may upon the petition of no less than ten of the legal voters of said town lay out a highway leading to any public pond or lake lying wholly or in part in said town, and along the shores of such pond or lake in so far as the same may be reasonably convenient for the use of boats thereon and for the taking of ice therefrom, first giving reasonable notice in writing to the owners of the land through which the same is to be laid out, or leaving a copy thereof at their place of abode, if in this State, to be present at the laying out of said way, and the damage done to said owners shall be paid by said town; and a written survey, signed by the selectmen, particularly describing said way, with a description of each piece or parcel of land taken from the adjoining proprietors being accepted by the town and recorded in its land records, and satisfaction made to the parties injured, or the money deposited in the town treasury for their use, according to the agreement or estimate made as hereinafter provided, such way shall be and remain a public highway; but no such highway shall be opened or occupied on the land of any person who shall declare himself aggrieved by laying out the same, within two months after the acceptance of said survey.

Sec 2. The acceptance by said town of Hartland of the layout of such highway and of the written survey thereof shall be conclusive upon

taken without due process of law, in giving power to decide finally upon the question of public convenience and necessity, to the town of Hartland, without any appeal to any court, contrary to provisions of the State and of the United States Constitution. 3. The Act deprives the defendants of the equal protection of the laws, in that all other owners of lands proposed to be taken for highways are entitled to an appeal to the Superior Court upon the question of public convenience and necessity, which right the defendants are deprived of by said Act, contrary to the 14th Amendment of the Constitution of the United States.

*Judge Prentice* sustained the demurrer on the third ground, and this action is the only error assigned in the appeal.

*Lewis Sperry*, for the appellants (plaintiffs).

*Charles E. Perkins*, for the appellees (defendants).

HAMERSLEY, J. The action of the trial judge in sustaining the demurrer is based upon the theory that the allegations of the complaint show that no highway has been laid out, and therefore no land can be condemned, and he has no jurisdiction to appoint appraisers. We think this interpretation of the law is incorrect.

Section 2699 of the General Statutes prescribes the mode of proceeding in laying out a necessary highway within the limits of a town by its selectmen, who are made the officers of the law for that purpose. *Torrington* v. *Nash,* 17 Conn.

the question of the public convenience and necessity of such highway. All persons whose land is proposed to be taken for such highway and every person interested therein shall have the right to be heard in the meeting of the town called for action on the report of such layout.

Sec. 3. If the selectmen of said town cannot agree with any person interested in the layout of such way, in the matter of damages sustained by or benefits accruing to such person, said selectmen shall proceed to have the same determined in the manner provided in section 2706 of the General Statutes, and the provisions of sections 2706 and 2707 of the General Statutes are hereby made applicable to such assessment.

197, 199; *Mallory* v. *Huntington,* 64 id. 88, 100. Section one of the Special Act of 1899, referred to in the complaint, prescribes precisely the same mode of proceeding in laying out a highway in the town of Hartland " leading to any public pond or lake lying wholly or in part in said town, and along the shores of such pond or lake in so far as the same may be reasonably convenient for the use of boats thereon and for the taking of ice therefrom," except the single additional requirement that the action of the selectmen in such case must be based " upon the petition of no less than ten of the legal voters of said town."

Section three of the Act declares that the damages caused by the condemnation of land for such highway shall be ascertained in the manner provided in §§ 2706 and 2707 upon the layout of any highway. We think this section is declaratory only; that is, that §§ 2706 and 2707 would apply if § 3 had been omitted.

The purpose of §§ 1 and 3 of the Special Act, is either to authorize the condemnation of land for a way which is not a necessary highway within the meaning of § 2699, or to require merely the additional formality of a petition by ten or more voters, when a highway which is authorized under § 2699 leads to a public pond in Hartland. A highway, as the word is used in our statutes, is for a public use, and land condemned for a highway is condemned for a public use.

Section 2699 authorizes the layout of any highway in a town which is for a public use. If, therefore, the object of the Special Act were to authorize the layout of a highway not covered by § 2699, the law would invite criticism as an attempt to take property for a use not public. Such intention is not to be imputed to legislation unless clearly expressed. Here the language of the legislature is entirely consistent, and perhaps more consistent, with the alternative intention; namely, to simply require the petition of ten voters before a highway provided for by § 2699, and leading to a public pond, can be laid out in the town of Hartland. No claim is made that the imposition of such a restraint upon the laying out of a highway is obnoxious to any constitutional provision, and

that question (if it be a substantial one) is not involved in this appeal.

But it is suggested that the Special Act takes away the privilege given by § 2701 to any person aggrieved by the doings of selectmen in laying out any highway, of applying to the Superior Court for relief. We do not think that the Act has such effect. It is affirmatory of the established mode of proceeding, merely adding the requirement of a petition before the selectmen can exercise their existing authority. Moreover, it implies a right to a review of the layout by the Superior Court. This mode of laying out a highway within the limits of a town was established in 1773. 14 Col. Rec. 80, 81, 82. An express condition on which such authority was then given to selectmen was that any person aggrieved by any act done by selectmen in laying out a highway might apply to a court for relief, which court might upon inquiry grant such relief as should appear just and reasonable ; and so the Act of 1773 provided that no highway laid out through any person's enclosure, " who shall declare himself aggrieved by laying out the same, shall be laid open or occupied until the expiration of twelve months after laying out such way, that such person may have opportunity to apply for relief as aforesaid." This language, declaring the purpose for which such postponement of opening the highway was ordered, remained substantially unchanged until 1875. In the omission of unneccessary words and condensation of expressions thought susceptible of it, which marked the Revision of that year, the declaration of the purpose for which the opening of a new highway is postponed—being settled by the practice of a hundred years—was deemed unnecessary. But the mischief which this provision was designed to remedy, remained the same, and must be taken into account in construing the statute in its new form ; and when, in the Revision of 1888, the same postponement of the opening of a new highway was required, it was required presumably for the same reason: in order that parties aggrieved might have an opportunity to apply for relief to a court. So, in this Special Act of 1899, § 1, in requiring a postponement of the opening of the highway,

declares the same purpose. As affecting the purpose for which the postponement is required, it is immaterial whether it be for two months or twelve months. The section thus secures to parties aggrieved by the doings of the selectmen in laying out the highway, that relief by application to the Superior Court which the law provides. The court is bound so to construe the section, if such construction is consistent with the language used, rather than attribute to the legislature an implied intention to wholly abandon a policy which has controlled the laying out of highways by selectmen for more than a century, and which has heretofore been recognized as essential to the justice and reasonableness of that mode of proceeding.

The only doubt as to this meaning arises, not from the language of § 1, but from the provision of § 2, that the acceptance of the survey by the town (which has always been a necessary part of the layout by the selectmen, *Wolcott* v. *Pond,* 19 Conn. 597, 601), "shall be conclusive upon the question of the public convenience and necessity of such highway." A mistake by the selectmen in finding a highway to be of public necessity is not the only way in which a party may be aggrieved by their doings in a layout (*Sackett* v. *Greenwich,* 38 Conn. 525), and so it may be that this provision is not wholly inconsistent with the right to relief secured in the first section. But if it is; if the two provisions are absolutely repugnant and one or the other must be held to be ineffective, then the considerations which may properly influence the construction of a statute containing such conflicting provisions, would compel us to hold the provision of § 2 to be the ineffective one. The most, therefore, that can be now said in support of the defendant's contention is, that § 2 provides that upon application to the court for relief, the acceptance of the survey by the town shall be conclusive evidence upon the question of public convenience and necessity.

The defendant urges that such a provision is unconstitutional and invalidates the whole Act. The obnoxious provision is an independent and separable one, and, if void, the remainder of the Act stands. The question of its validity

cannot be properly determined in this proceeding. The plaintiffs have alleged in their complaint facts sufficient to show the layout of a highway and to require the appointment of appraisers, and the allegation that the highway described is in fact one within the meaning of the statutes, is admitted by the demurrer. It follows that appraisers should be appointed, whatever view may be taken of the constitutionality or validity of the provision of § 2. If constitutional, of course the appointment should be made ; and if unconstitutional the provision is simply void, it disappears from the Act, and in pursuance of the remaining valid portion appraisers must still be appointed. Upon an application to the Superior Court for relief from any grievance caused by the doings of the selectmen in this layout, if a claim were made that the acceptance of the survey by the town is conclusive evidence of public convenience and necessity, the validity of the provision of § 2 would become a material question; it is not material in this proceeding.

There is error, the judgment of the judge of the Superior Court is set aside, and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.