### ELIZABETH S. GRIFFITHS v. FREDERICK M. McCARTHY, EXECUTOR

| SUPERIOR COURT | NEW HAVEN COUNTY | FILE No. 72021 |
|---|---|---|

Memorandum filed March 31, 1949

*Alcorn, Bakewell & Alcorn,* of Hartford, for the Plaintiff.

*Harold E. Drew, William F. Healey and Frederick M. McCarthy,* of Derby, for the Defendant.

O'SULLIVAN, J. The parties have argued the legal questions involved herein on the assumption that the demurrer has properly raised them.

The plaintiff's claims of grievance are that, in its computation of a proposed allocation of the federal estate tax, the Probate Court for the district of Derby followed the provisions of certain statutes (General Statutes, Sup. 1945 §§ 315h-322h) which, the plaintiff asserts, are not only in violation of Article First of our state constitution and of the fourteenth amendment to the federal constitution but are also invalid on the grounds of repugnancy.

First, as to the unconstitutionality of the statutes. The plaintiff's argument, however plausible it may seem, lacks that element of overpowering persuasiveness to get her by two obstacles that stand in her way in a nisi prius tribunal. The first of these is that in the only reported pertinent cases from courts of appellate jurisdiction the law is contrary to the plaintiff's position. *Jeffery's Estate,* 333 Pa. 15; *Merchants National Bank* v. *Merchants National Bank,* 318 Mass. 563. The latter appears to be on all fours with the case at bar.

The second obstacle, heightened by the precedents of sister states, rests on the gravity of classifying as unconstitutional an act of the legislature. "It is our duty to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the Act unless its invalidity is . . . beyond reasonable doubt." *Beach* v. *Bradstreet,* 85 Conn. 344, 349; *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 205.

In the face of this warning and in the light of the Pennsylvania and Massachusetts decisions, I must hold the statutes constitutional.

The other claim is that § 322h, which makes the proration statutes applicable to estates of persons dying within one year prior to their effective date, is repugnant to that provision permitting a testator to avoid the effect of a prorating of taxes by appropriate language in his will. The reason for this claim is that the testator, Pinney, died within a year before the date when the statutes became operative. The repugnancy exists,

it is urged, because the statutes, while imposing what, to Pinney, was an unknown method of burdening the legacies he created, make it impossible, because of his death, for him to avoid the effect of the statutes as permitted by § 315h.

I need not consider whether this point can be raised by the legatees as distinguished from Pinney's representative, inasmuch as I find no repugnancy to exist.

The pertinent language of § 315h upon which the plaintiff rests her argument of repugnancy reads as follows: "except when a testator otherwise directs in his will" etc. This created no new right. Our common law is that the intention of the testator is to be carried out. The quoted words are merely an acknowledgment of the existing common law. Although Pinney did not know of the proration statutes because he died before they were enacted, he could have expressed himself testamentarily, had he so chosen, with respect to the freedom from taxation upon his specific legacies under existing law or that which might thereafter be enacted.

Furthermore, if one assumes that there is a repugnancy, the entire set of proration statutes does not necessarily fall. As in the construction of every law containing provisions which are inconsistent, effect must be given to those provisions most consistent with the context and the clear intent of the legislature. *O'Flaherty* v. *Bridgeport*, 64 Conn. 159, 165; *Miller* v. *Colonial Forestry Co.*, 73 Conn. 500, 505. If the statutes are constitutional, as I have already held, the intent of the legislature is clear. It is to prorate the tax burden. If the claim of repugnancy is sound, the only thing to be invalidated is the language in § 315h, reading "except when a testator otherwise directs in his will," etc.

The plaintiff's claim on this score gets her nowhere. The demurrer is sustained.