### THE TOWN OF WEST HARTFORD *vs.* MINNIE COLEMAN.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

While legislation authorizing an assessment for a local public improvement upon the land specially benefited thereby will not be adjudged unconstitutional merely for failing to expressly provide for a notice to the landowner and an opportunity for him to be heard, an assessment which is made without any notice or opportunity to a landowner to be heard is invalid as to him; and therefore in a suit to foreclose a lien based on such an assessment, the complaint is defective and demurrable if it does not allege that notice was given to the landowner.

An averment that in making the assessment in question the Act authorizing it was fully complied with, does not imply that notice was given to the landowner, if the Act itself is silent respecting such notice.

Argued January 14th—decided March 5th, 1914.

ACTION to foreclose a lien to secure an assessment of benefits for a local public improvement, brought to the

Court of Common Pleas in Hartford County where a demurrer to the complaint was sustained (*Smith, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Stewart N. Dunning,* for the appellant (plaintiff).

*Henry J. Marks,* for the appellee (defendant).

PRENTICE, C. J. The plaintiff seeks the foreclosure of a lien filed against the defendant's property for an assessment made in 1907 for a local improvement. The authority under which the assessment was made and certificate lodged is contained in Nos. 49 and 489 of the Special Laws of 1899. 13 Special Laws, pp. 40 and 483. These Acts authorize an assessment of benefits which shall remain a continuing lien upon a prescribed certificate being lodged with the town clerk, but are silent upon the subject of notice to the landowner and opportunity for him to be heard. The complaint alleges the authorization and construction of the work, the assessment of a portion of the cost upon the defendant and her land, the lodging of a certificate of lien therefor, being the one sought to be foreclosed, and, finally, that in making the assessment and lodging the certificate the provisions of the two Acts referred to, and of another confessedly of no present pertinence, were duly complied with.

The defendant demurred to the complaint for several reasons which embody two of chief import. These, in substance, are: (1) that no cause of action is stated or valid assessment or lien shown, for want of allegation of notice to the defendant of an assessment made or proposed, or opportunity had by him to be heard respecting such assessment; and (2) that the Acts under which the proceedings were had were unconstitutional and void,

for the reason that no provision is made therein for either notice to the landowner or opportunity for him to be heard.

The first of these objections is well taken. A valid assessment was impossible without notice to the landowner and an opportunity to him to be heard, or their full equivalent in an opportunity to be fully and effectively heard at some stage of the assessment proceedings prior to the final fixing of the assessment. *Manners* v. *Waterbury*, 86 Conn. 573, 576, 86 Atl. 14; *Londoner* v. *Denver*, 210 U. S. 373, 385, 28 Sup. Ct. Rep. 708. The only allegation of the complaint by possibility touching this subject is that which avers due compliance with the provisions of the Acts under which the assessment was made and the lien continued. This averment, certainly, cannot be extended to include one, that things, not expressly required by the Act, were done.

Counsel for the plaintiff replies to this proposition that the service in this action may be regarded as notice, with the result that the defendant had ten days thereafter in which to appeal from the assessment, and thus obtain a hearing. This claim overlooks the fact that the plaintiff is seeking to enforce a lien. It does not help to establish the validity of that lien whose sole foundation is a valid assessment made and fixed. We have no occasion to notice other objections to it.

Thus far the conclusion of the trial court was sound, and its ruling sustaining the demurrer justified. It did not, however, stop here. It sustained, broadly, the second of the defendant's claims above stated, and thus, in effect, ruled that an allegation of notice and opportunity for a hearing given would not help out the complaint. It held that as the two Acts did not embody a provision for such notice and opportunity they were repugnant to the due-process-of-law requirements of the Federal Constitution, and could not, therefore, supply the req-

uisite authority for an assessment of benefits, even if in fact made with due notice and opportunity for a hearing.

The authorities upon this subject are not altogether uniform; but the great majority of them support what we regard as the more reasonable doctrine, that legislation conferring authority to do an act, which, to be constitutionally lawful, requires notice and opportunity for a hearing to persons whose rights may be adversely affected, is not void for lack of express provision in it for such notice and opportunity, and that such authority may be exercised upon the giving of the required notice and opportunity. *Paulsen* v. *Portland,* 149 U. S. 30, 38, 13 Sup. Ct. Rep. 750; *Gilmore* v. *Hentig,* 33 Kan. 156, 171, 5 Pac. 781; *Baltimore & O. R. Co.* v. *Pittsburg, W. & K. R. Co.,* 17 W. Va. 812, 835; *Ford* v. *North Des Moines,* 80 Iowa, 626, 636, 45 N. W. 1031; *Denver* v. *Dumars,* 33 Colo. 94, 98, 80 Pac. 114; *Tripp* v. *Yankton,* 10 S. D. 516, 522, 74 N. W. 447; *Cleveland* v. *Tripp,* 13 R. I. 50, 64. "If the plaintiffs in error have the constitutional right to such hearing, for which they contend, the statute is properly to be construed so as to recognize and respect it, and not to deny it. The Constitution and the statute will be construed together as one law." *Kentucky Railroad Tax Cases,* 115 U. S. 321, 334, 6 Sup. Ct. Rep. 57. "Where a statute authorizes a legal proceeding against any one, and does not expressly provide for notice to be given, it is implied that an opportunity shall be afforded him to appear in defense of his rights, unless the contrary clearly appears." *Baltimore & O. R. Co.* v. *Pittsburg, W. & K. R. Co.,* 17 W. Va. 812, 835.

The principle of these cases is applied to other legislation than that authorizing assessments of benefits and damages. *Chase* v. *Hathaway,* 14 Mass. 222, 224; *Eddy* v. *People ex rel. Eddy,* 15 Ill. 386, 387; *Commissioners*

*of Highways* v. *Claw*, 15 Johns. (N. Y.) 537, 538. Our own case of *Bostwick* v. *Isbell*, 41 Conn. 305, 307, furnishes an example of such application.

There is no error.

In this opinion the other judges concurred.