THE MILFORD WATER COMPANY *vs.* ANTONIO KANNIA
ET ALS.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

After providing for the appointment by the Superior Court of a committee to assess just damages to a landowner for taking his property for a water-supply, the plaintiff's charter prescribed that the written assessment of the committee might "be accepted or rejected at the discretion of the court." *Held* that this called for the exercise of a judicial discretion in accordance with the rules of law, leading to a judgment from which an appeal might be taken; and therefore a motion to dismiss an appeal to this court, upon the theory that the discretion conferred upon the Superior Court by this clause of the charter was absolute, and its determination final and conclusive, must be denied.

Argued April 13th—decided June 1st, 1917.

PLEA IN ABATEMENT and motion to dismiss an appeal to this court by the defendants from the action of the Superior Court in New Haven County, *Greene, J.*, in overruling their remonstrance to the report of a committee appointed to assess damages for the taking of the defendants' lands and in accepting said report. *Motion to dismiss denied.*

*George E. Beers,* with whom was *Abraham S. Geduldig,* for the appellants (defendants).

*George D. Watrous,* for the appellee (plaintiff).

BEACH, J. The charter of the Milford Water Company, under which these proceedings were instituted, provides that in case the owner and the Company have not agreed upon the damages which have or may accrue to such owner by reason of the taking of land necessary for the Company's water-supply, the Superior Court shall, upon application, appoint three disinterested and judicious persons, who shall, after reasonable notice to the parties, assess just damages, if any, to the owners of property proposed to be taken, which assessment shall be in writing under the hand of said persons, which may be accepted or rejected at the discretion of the court, and shall be returned with the application to the clerk of the Superior Court, who shall record it; and said Company shall pay to such owners the damages so assessed; and when said damages are paid, and not before, said Company may enter upon said premises and proceed with the construction of said works. 11 Special Laws, p. 395.

When the assessors returned their assessment to the Superior Court, the respondents Kannia remonstrated against the acceptance of the assessment, and the applicant answered the remonstrance by general denial and affirmative defense, and a trial was had upon the questions of fact and law raised by the remonstrance and answer. The remonstrance was overruled and the report accepted, and the Superior Court then proceeded, against the objection of the applicant, to render the final judgment from which this appeal is taken.

The question is whether the Superior Court had power to render a final judgment accepting the assessment. The language of the charter is that the assessment "may be accepted or rejected at the discretion of the court." Does this call for the exercise of a judicial discretion leading to a judgment from which an appeal may be taken, or does it, as the applicant claims,

call for the exercise of an absolute discretion resulting in a final determination from which no appeal lies?

We think it is very clear that when the acceptance or rejection of an assessment of this kind, which may involve the constitutional right of the owner to just compensation, is submitted by Act of the General Assembly to the discretion of the Superior Court, without any qualification of the character of the discretion called for, it must be intended that the parties shall have the benefit of that kind of discretion which the Superior Court notoriously and habitually exercises when its discretionary jurisdiction is invoked; that is, a judicial discretion to be exercised according to law, and therefore subject to review in this court.

No doubt the General Assembly might have omitted any provision for acceptance or rejection of the assessment by the Superior Court. But in this charter it has seen fit to expressly confer that power on the court. The evident intent is to subject the assessment to judicial scrutiny, and the reference to discretion simply indicates the character of the jurisdiction conferred. It was therefore proper that the court should, by its judgment, record the fact that this assessment had been scrutinized and accepted; and as there is no provision in the charter which makes the action of the Superior Court final and conclusive, an appeal will lie under the statute.

We are not now concerned with the merits of the appeal, but only with the question whether the Superior Court had power to render the judgment appealed from, and having answered that question in the affirmative, the motion to dismiss is denied.

In this opinion the other judges concurred.