HELEN ANTMAN *vs.* THE CONNECTICUT LIGHT AND POWER COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 5th—decided July 18th, 1933.

*Albert Lévitt* and *J. Warren Upson,* with whom, on the brief, was *Nathaniel R. Bronson,* for the appellant (plaintiff).

*William E. Thoms,* for the appellee (defendant).

AVERY, J.  The charter of The Connecticut Light & Power Company provides that it shall have power to take land necessary or convenient for certain corporate purposes including the erection of transmission lines; and if unable to agree with the landowner as to the price to be paid for an easement required may apply to the Superior Court in the county in which the land is situated or to a judge of that court.  Upon such application the court or judge is authorized to appoint three disinterested citizens and freeholders as a committee to view the premises, assess just damages, and file its report with the clerk of the Superior Court of the county.  The applicable provisions of the charter are Special Laws, 1919, p. 106, §§ 2 and 3, and Special Laws, 1905, p. 860, § 6.

It appears from the record that on July 23d, 1930, the company brought an application to *Judge Ells* of the Superior Court setting forth that it was necessary and convenient for it to take and use, for the purposes of a transmission line, certain real estate described in the application, and asking for the appointment of a committee to assess the amount of damages arising by reason of the taking.  After overruling a special defense interposed by the present plaintiff, *Judge John Rufus Booth,* on December 30th, 1930, entered judgment appointing the committee.  On June 18th, 1931,

the committee filed a report with the clerk of the Superior Court for Litchfield County assessing damages of $250 to the present plaintiff and on July 6th she filed a remonstrance against the acceptance of the report. Later, on her motion that the court hear the remonstrance and for judgment thereon, it was ruled (*Baldwin, J.*) that the court had no power to hear the remonstrance, upon the ground that the company's charter prescribing the course of procedure contained no provision for a remonstrance or for reviewing the assessment. No appeal was taken from this decision but, instead, the plaintiff brought the present action to enjoin the company from taking possession of the property.

The original complaint in this action set forth numerous allegations to the general effect that the provisions of the charter of the corporation under which the committee was appointed and acted are unconstitutional and void in that neither they nor the statutes provide for review of the acts of the committee or its report, and that therefore the proceedings pertaining to the committee and its doings were void; that the committee erred in its rulings and decisions in various respects specified, and that there has been no judicial determination of the issues as to such errors and irregularities as presented by the remonstrance which the court held it had no jurisdiction to entertain, and also that the defendant has charged excessive rates for electric current and sold electric appliances at retail and thereby forfeited its charter. The paragraphs covering these allegations were expunged on motion, as irrelevant and immaterial or as stating legal conclusions. The plaintiff thereafter filed a substitute complaint and by amendment procured the virtual reinstatement in the complaint of allegations of certain errors by the

committee concerning evidence and matters of procedure.

The complaint as so amended was demurred to on the ground, principally, that the allegations of error in the acts or rulings of the committee do not constitute a cause of action available in the present case. The court (*Ells, J.*) sustained this demurrer, stating in the memorandum that the complaint "seeks to take the place of a remonstrance. . . . In fact it seeks not to correct the award but to annul the entire proceedings. It seeks to destroy the judgment from which it did not appeal. It does not allege fraud, prejudice, bad faith or incompetence on the part of the committee. I conclude that the allegations now left in the complaint are insufficient and incapable of supporting any of the relief demanded."

Error is assigned specifically in granting the motion to expunge as to the several paragraphs of the complaint and amended complaint and in sustaining the demurrer, but the assignments may be resolved into the basic determinative contentions that, because of the failure of the charter to provide procedure for review of the doings and award of the committee it is void as depriving the landowner of due process of law; that the charter has become forfeited and void through acts of the corporation subsequent to its incorporation; and that the plaintiff is entitled to have the acts of the committee reviewed and the alleged forfeiture determined in this action.

The assignments pertaining to the motion to expunge from the original complaint are not available on this appeal. The voluntary filing of the substitute complaint operated as a withdrawal of the original, and thereafter the latter, though remaining in the files and constituting part of the history of the cause, can furnish no basis for a judgment, nor can any previous

ruling upon it be made a subject of appeal. *Lakitsch* v. *Brand,* 99 Conn. 388, 389, 121 Atl. 865; *Wooley* v. *Williams,* 105 Conn. 671, 675, 136 Atl. 583; *Allen* v. *Chase,* 81 Conn. 474, 475, 71 Atl. 367; 49 C. J. 558. The trial court granted a motion to expunge certain paragraphs of the substitute complaint. These paragraphs stated legal conclusions without facts to support them and were therefore immaterial. *Hewison* v. *New Haven,* 34 Conn. 136, 138; *Connecticut Hospital for Insane* v. *Brookfield,* 69 Conn. 1, 4, 36 Atl. 1017; *Williams* v. *National Fruit Exchange,* 95 Conn. 300, 307, 111 Atl. 197; *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 480, 138 Atl. 483. Where such allegations constitute an attempt to set up a separate cause of action or defense they are demurrable. *Smith* v. *Furness,* 117 Conn. 97, 99, 166 Atl. 759. Where, however, they are alleged as elements going to support a single cause of action, a motion to expunge is the proper remedy. General Statutes, § 5515; *Seidler* v. *Burns,* 84 Conn. 111, 113, 79 Atl. 53.

The only substantial matter properly before us upon this appeal is the court's action in sustaining the demurrer to the substitute complaint. The proceedings under the defendant's charter called for determination, first, as to the propriety of the taking of plaintiff's property and, should it be deemed proper, the appointment of a committee to assess just compensation for the property taken. Under our practice, as outlined in the cases hereafter cited, the power of the party seeking to condemn and the necessity and propriety of a taking are adjudicated and concluded by the judgment of the court or judge appointing a committee to assess the damages, and the remedy for an erroneous decision is by an appeal. The decision of *Judge Booth* appointing a committee was a final judgment from which an immediate appeal lay to this court. *New York, N. H.*

& H. R. Co. v. *Long,* 69 Conn. 424, 437, 37 Atl. 1070; *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 243, 52 Atl. 947, 53 id. 57; *Connecticut College* v. *Alexander,* 85 Conn. 602, 605, 84 Atl. 365, 366; *Connecticut College* v. *Calvert,* 87 Conn. 421, 88 Atl. 633. The present plaintiff did not appeal and the questions raised or which might have been raised in that proceeding are no longer open to review. The judgment in the former action being between the same parties and upon the same cause of action, is conclusive upon the parties to this suit as to every question which was or might have been presented and determined in the former action. *Lehrman* v. *Prague,* 115 Conn. 484, 490, 162 Atl. 15; *Scott* v. *Scott,* 83 Conn. 634, 638, 78 Atl. 314; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Oklahoma* v. *Texas,* 256 U. S. 70, 41 Sup. Ct. 420; *The Haytian Republic,* 154 U. S. 118, 14 Sup. Ct. 992; *Burritt* v. *Belfy,* 47 Conn. 323, 325; *Wildman* v. *Wildman,* 70 Conn. 700, 710, 41 Atl. 1; *Freeman's Appeal,* 71 Conn. 708, 717, 43 Atl. 185.

The charter of the defendant makes no express provisions for a review of the action of the committee appointed to assess the damages for the property taken. The right to a review by a court of the action of appraisers in condemnation proceedings is in accordance with the settled practice in this State from the earliest time in such and similar cases. We cannot ascribe to the legislature, because it fails specifically to make provision in this charter for such a review, an intent to depart from this established practice. To paraphrase what we said in *Miller* v. *Colonial Forestry Co.,* 73 Conn. 500, 505, 48 Atl. 98, we cannot attribute to the legislature an implied intention to wholly abandon a policy which has controlled such proceedings for a great many years and which has heretofore been recognized as essential to the justice

and reasonableness of that mode of proceeding. Indeed, to construe the charter as denying to a landowner a judicial review of the action of the appraisers would open the way to serious question as to its constitutionality. "The whole process by which the compensation is ascertained is judicial. . . . 'The Constitution has declared that just compensation shall be paid, and the ascertainment of that is a judicial inquiry.' *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 327 [13 Sup. Ct. 622]. The landowner is not entitled as a matter of right to a jury trial, because the Constitution has not so required; but he is entitled to have an impartial tribunal, with the usual rights and privileges which attend judicial investigations. It is a suit at law." *New York, N. H. & H. R. Co.* v. *Long,* 69 Conn. 424, 437, 37 Atl. 1070. An intent on the part of the legislature to enact a law of such doubtful constitutionality is not readily to be inferred. That the legislature intended the report of the appraisers to be subject to review in a manner usual in the case of reports by committees appointed by court is fairly implied in the charter. *West Hartford* v. *Coleman,* 88 Conn. 78, 81, 89 Atl. 1120; *Matter of New York Central & H. R. R. Co.,* 64 N. Y. 60; *In re Milwaukee L., H. & T. Co.,* 142 Wis. 424, 125 N. W. 903, 907.

The Superior Court is a court of general jurisdiction. *Ansonia* v. *Studley,* 67 Conn. 170, 177, 34 Atl. 1030; *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 374, 23 Atl. 186; *Perell* v. *Warden of State Prison,* 113 Conn. 339, 343, 155 Atl. 221. Its rules provide for the appointment of committees, Practice Book, 1922, p. 264, and the method of reviewing their conduct. In this case, the charter required the report to be filed with the clerk of the Superior Court for Litchfield County. The judicial proceedings instituted to condemn the

plaintiff's property did not end with the appointment of the committee to assess the damages and the filing of its report with the clerk of the court. Ordinarily, the judgment appointing appraisers closes the judicial part of the proceedings, what remains to be done being of an administrative character, as the appraisers discharge only a quasi-judicial function. *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 242, 52 Atl. 947, 53 id. 57. But in certain classes of cases a final judgment may be followed by a further judgment. *Ricci* v. *Naples,* 108 Conn. 19, 22, 142 Atl. 452; *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 37, 33 Atl. 533; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 714, 38 Atl. 792; *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 243, 52 Atl. 947, 53 id. 57; *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 670, 84 Atl. 314; *Barber* v. *International Co.,* 74 Conn. 652, 657, 51 Atl. 857; *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 Atl. 539; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 Atl. 587; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 Atl. 838. If the parties are satisfied with the award as made by the committee and filed with the clerk of the Superior Court, the same may be accepted by the landowner and paid or deposited by the company and no further judicial proceeding is required, although the better practice is to enter a judgment of the court accepting the report of the committee. If, however, either party is dissatisfied with the report as filed, it may, under our rules, file a remonstrance against its acceptance. The grounds of remonstrance are set forth in the rules, which provide that after the filing of a remonstrance, the adverse party shall, in the time specified therein, demur to the remonstrance, or answer to controvert allegations of fact; and the court, after hearing upon

the remonstrance, may overrule it and accept the report of the committee and shall then render judgment; or, if the court sustains the remonstrance and the entire report is rendered invalid, the court shall then reject the report and recommit the matter to the same or another committee. The judgment accepting the report of the committee is, under our practice, a final judgment from which an appeal may be had to this court. *Potter* v. *Putnam,* 74 Conn. 189, 193, 50 Atl. 395; *Fox* v. *South Norwalk,* 85 Conn. 237, 239, 82 Atl. 642; *Milford Water Co.* v. *Kannia,* 91 Conn. 639, 641, 100 Atl. 1064; *Norwalk* v. *Norwalk Investment Co.,* 95 Conn. 1, 3, 110 Atl. 557; *Norwalk* v. *Podmore,* 86 Conn. 658, 660, 86 Atl. 582; *Waterbury* v. *Macken,* 100 Conn. 407, 124 Atl. 5; *State* v. *Suffield & Thompsonville Bridge Co.,* 82 Conn. 460, 464, 74 Atl. 775; *Walz* v. *Bennett,* 95 Conn. 537, 539, 111 Atl. 834; *McArthur* v. *Morgan,* 49 Conn. 347, 351.

An analagous situation is presented under General Statutes, § 5083, providing for the appraisal of mortgaged property after foreclosure for the purpose of a deficiency judgment. If the appraisal is greater than the amount of the debt, no further action of the court is necessary after the filing of the appraisal, unless one of the parties thereto desires a review of the action of the appraisers. If, however, the value of the property is less than the mortgage debt and it is desired to enter a judgment for the deficiency, a supplemental judgment for the deficiency is necessary. The appraisers appointed under that statute perform quasi-judicial functions of the same nature as the appraisers appointed in condemnation proceedings and a remonstrance lies against their report for any irregularity by which the rights of either party have been infringed. *Congress Bank & Trust Co.* v. *Brockett,* 111

Conn. 490, 492, 150 Atl. 742; *Dunn* v. *Flynn*, 107 Conn. 272, 275, 140 Atl. 204.

The landowner was entitled to file a remonstrance against the report of the committee, it was the duty of the court to hear and render judgment upon the remonstrance, and, from that judgment, an appeal lay to this court by the aggrieved party for a review of any claimed errors in connection with the conduct of the committee or in its report. Equally, the court's decision refusing to entertain the remonstrance was a final judgment from which an immediate appeal lay to this court. *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 Atl. 587.

The present plaintiff did not pursue her remedy by appeal from any of these judgments but asserts a right of review of errors which she claims to have arisen under the condemnation proceedings, in this action to enjoin the defendant from occupying the property. As we pointed out in *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 243, 52 Atl. 947, 53 id. 57, it is the policy in this State that all courts shall to the full extent of their jurisdiction administer legal and equitable rights and apply legal and equitable remedies in favor of every party in one and the same suit so that the legal and equitable rights of the party may be enforced and protected in one action. Inasmuch as we do not find set forth in the amended complaint any matters which were not available to the plaintiff in the condemnation proceedings, the plaintiff was not entitled, in this independent action, to a review of claimed irregularities and errors in those proceedings. An adequate and complete review of these matters might have been had by her by appeal at the proper stage. It follows that the demurrer was properly sustained.

The assignment of error based upon the action of

the trial court in sustaining the demurrer to the second count of the substitute complaint was not pursued by the appellant in brief or argument and requires no discussion.

There is no error.

In this opinion the other judges concurred.