## BRIDGEPORT HYDRAULIC COMPANY
vs.
## CLINTON B. HULL

Coram: Hon. PATRICK B. O'SULLIVAN, Judge of the Superior Court.

Marsh, Stoddard & Day,      Attorneys for the Applicant.

Keogh & Candee,            Attorneys for the Respondent.

MEMORANDUM FILED SEPTEMBER 7, 1937.

O'SULLIVAN, J. The charter of the Bridgeport Hydraulic Company provides that it shall have power to take such land as it deems expedient and necessary for its corporate purpose of supplying water to certain communities in Fairfield County. If unable to purchase the land from the owner, the company is required by its charter to apply to the Superior Court, or, in vacation, to any Judge thereof and such Court or Judge is authorized to appoint a committee of three disinterested free-holders of the county, who shall, after reasonable notice to the parties determine and award the amount to be paid for the land in question.

The company has brought such an application asking for the appointment of a committee to assess the amount of dam-ages which Clinton B. Hull will sustain by virtue of the taking of his land for the extension of a water project of the com-pany. To this application, the respondent has filed a demurrer, stating the following eight grounds:

**One and Two:** So much of the charter of the company under which it purports to act in bringing this application is void in that by providing that the determination and award of the committee shall be final, the respondent is precluded from the right of judicial review and of appeal to the Supreme Court of Errors, in contravention to his constitutional right of due process of law guaranteed by the Fourteenth Amendment

to the Constitution of the United States.

The charter of the applicant makes no express provision for a review of the action of the committee appointed to assess the damages for the property taken. The right to a review by a court of the action of appraisers in condemnation proceedings is in accordance with the settled practice in this State since the earliest times. One cannot ascribe to the legislature, because it fails specifically to provide in this charter for such a review, an intent to depart from this established practice or to create a charter power of doubtful constitutionality. That the legislature intended the report to be subject to review in a manner usual in the case of reports by committees appointed by a court is fairly implied. **Antman vs. Connecticut Light & Power Company, 117 Conn., 230.** It follows that the respondent is entitled both under the charter and the law to a judicial review and to an appeal at the appropriate time, should he so desire.

**Three and Four:** These grounds of demurrer attack the constitutionality of the charter provision giving the company the right to condemn property at its own discretion anywhere in Fairfield County with one or two minor exceptions. It is claimed that this broad grant of power is unnecessary, unwarranted and unreasonable and as contrary to some unnamed provisions of the United States Constitution and opposed to **Section One of Article One of the Connecticut Constitution** which prevents any man or set of men from acquiring exclusive public emoluments or privileges from the community.

This very question has already been decided by the Supreme Court in **Water Commissioners vs. Johnson, 86 Conn., 151,** which upheld the validity of the power given to the City of Norwich to condemn land for its water supply in every part of the State. If the legislature could grant this authority to enforce the right of eminent domain throughout the State, manifestly it could extend similar authority to but one county.

**Five:** This ground asserts that **Section 2541 of the General Statutes, Revision of 1930,** has superseded the charter provision of the applicant as to the procedure to be followed in the condemnation of land.

This position is untenable by reason of **Section 6570 of the General Statutes** and the further fact that the statute referred to and the charter are in no way inconsistent with each other and may well stand together. **Section 2541** is an enabling act

containing a general grant of power and its provisions are neither mandatory nor exclusive. The charter procedure is not repealed by implication. **Water Commissioners vs. Johnson, 86 Conn., 151.**

**Six:** This ground alleges that the power of the applicant to determine when it is expedient and necessary to take land for its corporate purposes is unconstitutional in that it is a wrongful delegation of power which rightfully belongs to the judiciary.

The law is clearly to the contrary. Primarily the determination of the existence of a necessity to take land is a matter for the legislative department but if it deems it wise, the legislature may delegate this power to whom authority to condemn is given. The fear expressed by counsel that unwarranted condemnation of land might result should be dissipated by the thought that the land may be taken only for the corporate purpose of servicing the public with water and at all times its decision as to the necessity for the taking of any particular property is one open to judicial review to discover if it was unreasonable, or in bad faith, or an abuse of the power conferred and the appropriation of the property will be restrained if it be found such was the character of its decision. **Bennett vs. Marion, 106 Ia., 628; Olmstead vs. Morris Aqueduct, 46 N. J. Law, 495; Water Commissioners vs. Johnson, 86 Conn. 151.**

**Seven:** This ground challenges the constitutionality of the charter provision under discussion in that the applicant is not limited in condemning land to its corporate purposes.

On the contrary, Sec. 11 of the charter places a definite limitation upon the applicant, which may not take land for any purpose other than to perform its corporate function of providing water for the public. Any effort to transgress this circumscribed power will speedily be barred by appropriate judicial action. No question is presented on the pleadings of any such abuse of power by the company.

**Eight:** The ground set up in this paragraph does not merit discussion.

The demurrer is over-ruled on all grounds.

The motion to quash is denied.