JOHN R. CLARK v. ALEXANDER J. GRABOSKY ET AL.

SUPERIOR COURT       HARTFORD COUNTY       FILE No. 76326

Memorandum filed June 26. 1946.

*Joseph P. Cooney,* of Hartford, for the Plaintiff.

*Leon A. Winslow,* of Hartford, and *Alcorn, Bakewell* and *Alcorn,* of Hartford, for the Defendants.

COMLEY, J. Paragraph 2 of the complaint contains the allegation that "the plaintiff entered into a written contract with the defendants, a copy of which is annexed hereto and marked 'Exhibit A,' whereby he agreed to purchase and the defendants agreed to sell" certain real estate described thereon.

The defendants move to expunge the words "whereby he agreed to purchase and the defendants agreed to sell" the premises on the ground that this is a "legal conclusion alleged

without facts to support it." As I understand the defendants' claim, it is that the agreement attached to the complaint and marked "Exhibit A" is, on its face, legally insufficient as a contract for the purchase and sale of real estate, that it does not furnish support for the allegation that it was such a contract and, therefore, the defendants are entitled to have the allegation expunged.

It is true that where a mere legal conclusion is pleaded without the essential facts to support it being in any way set forth, a motion to expunge it will lie for the bare assertion of a legal conclusion without facts to support it is immaterial. *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 235.

But where the facts are set forth and the legal conclusion is merely the pleader's claimed construction of those facts, then a demurrer and not a motion to expunge is the proper remedy to test the sufficiency of the pleading. *Donovan* v. *Davis*, 85 Conn. 394, 397.

In this complaint, the plaintiff has set forth a written agreement which he claims is a valid contract for the purchase and sale of real estate. He has thus set forth the essential facts upon which his claimed conclusion of law is based. His claimed conclusion of law may be erroneous but it is not immaterial. Whether or not it is erroneous depends upon the proper construction of the written contract which he has set up and that is a question which must be raised by demurrer and not by motion to expunge.

The motion is denied.