ARLENE MESSENGER *v.* THE HOWARD AMUSEMENT COMPANY

CIRCUIT COURT

SECOND CIRCUIT
FILE No. CV 2-687-62199

Memorandum filed October 23, 1968

Michael L. Riccio, of Bridgeport, for the plaintiff.

Pullman, Comley, Bradley & Reeves, of Bridgeport, for the defendant.

WISE, J. In this action, the plaintiff seeks to recover for injuries sustained as a result of the negligence of the defendant. In paragraphs 3 and 4 of the complaint, the plaintiff alleges she was an "invitee." The defendant filed the instant motion to expunge the word "invitee" "on the grounds that such allegation is a conclusion of law and prejudicial to the defendant."

It is true that where a mere legal conclusion is pleaded without the essential facts to support it being in any way set forth, a motion to expunge it will lie, for the bare assertion of a legal conclusion without facts to support it is immaterial. *Antman* v. *Connecticut Light & Power Co.* 117 Conn. 230, 235; *Clark* v. *Grabosky,* 14 Conn. Sup. 170, 171. But where the facts are set forth and the legal conclusion is merely the pleader's claimed construction of those facts, a demurrer, and not a motion to expunge, is the proper remedy to test the sufficiency of the pleading. *Katsonas* v. *W. M. Sutherland Building & Contracting Co.,* 104 Conn. 54, 68; *Donovan* v. *Davis,* 85 Conn. 394, 397; *Clark* v. *Grabosky,* supra. The function of a motion to expunge is a very limited one, and the purpose served is rarely a useful one. *LaFrance* v. *LaFrance,* 127 Conn. 149, 154. It is not designed to test substantial rights.

Predicated on the allegations of paragraphs 3 and 4 of the complaint, the plaintiff has set forth facts upon which her claimed conclusion that she was an "invitee" is based. Her claimed conclusion may be

erroneous but it is not immaterial, nor is it prejudicial to the defendant. Whether it is erroneous cannot be attacked by a motion to expunge. It cannot be determined in advance what trend the evidence will take at the trial. To sustain the motion to expunge could prejudice the plaintiff on the facts developed at the trial; to deny the motion cannot harm the defendant.

The motion is denied.