**Robert A. KATZ, Trustee**

v.

**STATE OF CONNECTICUT and Howard S. Ives, State Highway Commissioner.**

**Civ. No. 13373.**

United States District Court
D. Connecticut.

Nov. 19, 1969.

Motion to Reconsider Denied
Feb. 25, 1970.

---

Robert A. Slavitt, Norwalk, Conn., for plaintiff.

Clement J. Kichuk, Asst. Atty. Gen., Robert K. Killiam, Atty. Gen., Hartford, Conn., for defendants.

## RULING ON MOTION TO DISMISS

BLUMENFELD, District Judge.

This action arises out of condemnation proceedings instituted by the State of Connecticut against land formerly owned by the plaintiff for the purpose of a highway. Plaintiff alleges that damages resulted from delay by the state from March 26, 1962, the time it filed photogrammetric maps with the Town Clerk of Norwalk, setting forth the proposed layout of the highway, to November 30, 1967, when it filed a Certificate of Taking, together with an assessment of damages with the Clerk of the Superior Court. Having already litigated the question of the amount of just compensation under the usual procedures afforded by the State of Connecticut, plaintiff now seeks additional damages allegedly resulting from the state's conduct prior to its formal taking of his property. Damages claimed are diminution in fair market value, loss of rental income and favorable zoning status.[1]

---

1. It is alleged that the City of Norwalk, not the defendants, changed its zoning laws to a more restrictive residential use.

He asserts jurisdiction of this court under 28 U.S.C. § 1331(a) [2] (federal question) alleging that this is an action arising under the fifth and fourteenth amendments to the Constitution of the United States on the ground that his property was taken for public uses without just compensation, and prays for relief in the sum of $75,000. Defendants move to dismiss.

The principal ground for the defendants' challenge to the jurisdiction of this court is that the claim asserted by the plaintiff here is res judicata since it was fairly adjudicated in the state court.

## I.

An analysis of the plaintiff's claim at this point to ascertain whether it presents a federal question to support jurisdiction in a federal court will also be relevant to later consideration of the res judicata issue.

■ The thrust of the plaintiff's claim is for damages resulting from the delay between the publication by the defendants of notice of the proposed layout of a new state highway,[3] and the formal taking of his land. While the question is not settled, there is some Connecticut authority which supports the existence of a cause of action for consequential damages from improper purposeful delay in the exercise of the power to condemn. Carson v. City of Hartford, 48 Conn. 68, 90 (1880). But a cause of action for delay by misuse of the condemning power does not necessarily involve a constitutional question. However, if there was conduct by the state authorities [4] which amounted to a "taking" of the plaintiff's property, although not within the scope of its statutory power to condemn, e.g., Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962), as distinguished from "governmental activities which do not directly encroach on private property," Batten v. United States, 306 F.2d 580, 583 (10th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 506, 9 L.Ed.2d 502 (1963), there could be a violation of the fifth and fourteenth amendments' prohibition against taking private property for public use without just compensation. What intrusion by government authority upon the rights of an owner of property will amount to a "taking" in the constitutional sense was exhaustively discussed in Foster v. Herley, 330 F.2d 87 (6th Cir. 1964). That case suggested and later affirmed the district court's holding on appeal after remand that government conduct having an effect upon the value of property short of imposing a servitude upon it could constitute a "taking" sufficient to support federal jurisdiction. Foster v. City of Detroit, 254 F.Supp. 655, 663–664 (E.D. Mich. 1966), aff'd, 405 F.2d 138 (6th Cir. 1968). The district court held that the time of the taking and, therefore, the correct date to be used for determination of just compensation was when the actions of the authorities had a substantial adverse effect upon the uses to which the property was being put. Id. at 666–667, and was affirmed specifically on this point, 405 F.2d at 147. More explicitly, the legal consequence of a determination that a constitutionally prohibited "taking" occurs in advance of a formalistic one pursuant to statutory authority is the application of a rule of damages measured by the value of the property as of the date it was in fact taken, less any amounts that accrued to the owner from his possession of the

2. Section 1331(a) provides: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

3. The defendants were required to give such prior notice and to conduct a public hearing on the proposed layout. Conn. Gen.Stats. § 13a–58, as amended.

4. The plaintiff also alleges that the defendants notified plaintiff's tenants of the proposed taking, advised them to seek other quarters and offered their assistance for this purpose; also that they demolished surrounding structures in the path of the proposed project.

property following that date. Foster v. City of Detroit, *supra* at 666; City of Detroit v. Cassese, 376 Mich. 311, 318–319, 136 N.W.2d 896, 900–901 (1965). Thus, it is fairly obvious that the claim for damages from delay simpliciter is substantially different from a claim for just compensation based on an actual taking earlier than the day when the Certificate of Taking was filed.

Failure of the plaintiff to trim his claim nicely within the contour of the constitutional prohibition against the taking of his property without payment of just compensation furnishes no adequate ground for dismissing it for lack of federal question jurisdiction. *Cf.* Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148 (1932). "There is no justification in the Federal Rules for an order to a plaintiff 'to set forth his cause of action clearly.' * * * The only relevant requirement is that of stating a claim on which relief can be granted. See Rules 8(a); 12(b)." Michael v. Clark Equip. Co., 380 F.2d 351, 352 (2d Cir. 1967). The presence of a federal question for purposes of jurisdiction under 28 U.S.C. § 1331(a) is sufficiently pleaded. 2A J. Moore, Federal Practice ¶ 8.09[1], at 1646–1650 (2d ed. 1968).

## II.

### Res Judicata

The defendants' second and principal contention is that the plaintiff's claim is barred as res judicata. It is appropriate to determine this issue on a motion to dismiss under Fed.R.Civ.P. 12(b). Williams v. Murdoch, 330 F.2d 745, 749 (3d Cir. 1964); Southard v. Southard, 305 F.2d 730, 732 & n. 1 (2d Cir. 1962); Hartmann v. Time, Inc., 166 F.2d 127, 131, 1 A.L.R.2d 370 (3d Cir.), cert. denied, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948); Williams v. At-

lantic Coast Line R.R., 274 F.Supp. 216, 217 (D.S.C.1967).

Whatever differences there are between the procedural steps for vindication of the plaintiff's claim in the state court from those in this court are of no significance. The first step taken in the state court was an appeal[5] from the assessment of damages by the Highway Commissioner filed in the Superior Court on December 1, 1967. The plaintiff took this step on December 5, 1967. His appeal alleged: (1) The assessment was "wholly and totally inadequate" and (2) that damages were suffered by reason of the same delay and conduct of which he complains here. His prayer for relief cited Public Act No. 597[6] as approved June 21, 1967. Thereafter, on December 20, 1968, before any responsive pleading was filed, he filed an amendment which amplified the allegations relating to damages attributable to the delay.

Before the hearing, the state filed a special defense claiming that Public Act No. 579 was effective only in those cases where a map of a proposed taking was filed after June 21, 1967, or, in the alternative, to provide only for damages suffered after that date.

The parties proceeded with a hearing before a State Referee, who under Conn. Gen.Stats. § 52–434, as amended, "shall have and exercise the powers of the superior court or court of common pleas in respect to trial, judgment and appeal in such case." In a setting like this, the unmistakable effect of the proceeding before the State Referee was to put in issue the plaintiff's right to recover for such damages as were attributable to the state's conduct prior to the formal "taking."

While the omission in the State Referee's opinion of any discussion of the issue so squarely presented is apparent,

5. Although denominated an "appeal," that was the first proceeding to litigate the issue of the amount of damages sustained by the former owner of the property taken.

6. This was an amendment to Conn.Gen. Stats. § 13a–76 to allow an award for damages suffered from the delay between the filing of the taking maps and the filing of the Certificate of Taking.

it does not necessarily follow that the legal claim of the plaintiff was rejected.[7]

Under Connecticut's law, the plaintiff's judgment was a final determination of the nature and amount of his claim. The complaint in the present action is practically a copy of his appeal from the Commissioner's assessment in the state court proceeding. Characterizing the claim here as a different cause of action does not take it outside the scope of res judicata. Saylor v. Lindsley, 391 F.2d 965, 969 n. 6 (2d Cir. 1968). Actually, the garb is no different. Frost v. Bankers Commercial Corp., 11 F.R.D. 195 (S.D.N.Y.1951), aff'd, 194 F.2d 505 (2d Cir. 1952). Both suits pertain to the same transaction and arise out of the same operative facts. For purposes of applying the doctrine of res judicata, "[a] cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. Veits v. City of Hartford, 134 Conn. 428, 434, 58 A.2d 389. Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197, 91 A.2d 778, 782 (1952).

Here, as in Antman v. Connecticut Light & Power Co., 117 Conn. 230, 167 A. 715 (1933), the plaintiff did not appeal. In *Antman*, the court said:

"The present plaintiff did not appeal, and the questions raised or which might have been raised in that proceeding are no longer open to review. The judgment in the former action being between the same parties and upon the same cause of the action is conclusive upon the parties to this suit as to every question which was or might have been presented and determined in the former action. [cited cases omitted]." *Id.* at 236, 167 A. at 717.

Even if it were permissible to surmise that the State Referee decided that he was without power to make a determination that there was an earlier taking, and in that sense declined to reach the "merits" as to the time of taking issue, the principle of res judicata would still bar this court from now considering that issue.

"The 'merits' of a claim are disposed of when it is refused enforcement. If an asserted federal claim is denied enforcement on a professed local ground, but a so-called local ground which is subject to review here [by an appeal to the Supreme Court] because it is in fact the adjudication of a federal question, then the 'merits' of that claim were adjudicated in the only sense that adjudication of the 'merits' is relevant to the principles of *res judicata*." Angel v. Bullington, 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947).

To permit this suit to be maintained in this court in the face of the incontrovertible facts would emasculate the doctrine of res judicata. The plaintiff has had his day in court; he is not entitled to another.

The complaint is dismissed for lack of jurisdiction.

So ordered.

---

7. Since damages were awarded to the plaintiff, this court could assume that the judgment covered all damages which the plaintiff proved. The plaintiff may have failed to prove an earlier taking or damages from delay. If the plaintiff desired a special finding upon any particular issue as part of the judgment, he had a plain remedy. He should have made a motion for it under Section 260, Connecticut Practice Book (1963). Conn.Gen. Stats. § 52–231; Dombron v. Rogozinski, 120 Conn. 245, 247, 180 A. 453 (1935). It may be unfortunate that he did not ask for it, cf. Seymour v. City of Norwalk, 92 Conn. 293, 296, 102 A. 577 (1917), but that does not permit this court to speculate about what the Referee may have found.