Robert A. KATZ, Trustee, Plaintiff-Appellant,

v.

STATE OF CONNECTICUT and Howard S. Ives, State Highway Commissioner, Defendants-Appellees.

No. 83, Docket 34887.

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1970.

Decided Nov. 5, 1970.

Benson A. Snaider, Norwalk, Conn. (Robert A. Slavitt and Abraham D. Slavitt, Attys., Norwalk, Conn., on the brief), for plaintiff-appellant.

Clement J. Kichuk, Asst. Atty. Gen. of Conn. (Robert K. Killian, Atty. Gen., and Jack Rubin, Asst. Atty. Gen., Hartford, Conn., on the brief), for defendants-appellees.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

We affirm on the opinion of Judge Blumenfeld, 307 F.Supp. 480 in the District Court with this brief additional comment.

The appellant, Katz, at the trial before the State Referee, made the claim that the long delay by the State of Connecticut in taking the condemned property violated his rights under the Fifth and Fourteenth Amendments to the Federal Constitution which prohibited the taking of his property without just compensation. The State Referee denied this claim, as the district court noted, and granted Katz an exception, but Katz did not appeal this denial to the Supreme Court of Connecticut, as he could have. Instead, he started this federal question action in the United States District Court based on precisely the same claim.

At oral argument he cited as his authority for this maneuver Foster v. City of Detroit, Michigan, 405 F.2d 138 (6 Cir. 1968), not mentioned in his brief. That case is, however, inapposite because the claim of unconstitutional taking without just compensation was not adjudicated in the Michigan state court, and therefore there was no issue of res adjudicata. It also appears that at the time the federal action was brought, the state condemnation case had been withdrawn and the subsequent state condemnation action had not been commenced.