Stanley V. TUCKER

v.

NORTHEAST SAVINGS, F.A., et al.

Civ. No. H–87–282 (PCD).

United States District Court,
D. Connecticut.

Dec. 17, 1987.

Stanley Tucker, Hartford, Conn., pro se.

Charles F. Corcoran, III, Corcoran, Mallin & Aresco, Hartford, Conn., for defendants Northeast Sav. and Robert R. Basine.

Emily N. Roisman, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., defendants Donna Galluzzo & Lorraine Whitehouse.

## RULING ON MOTIONS TO DISMISS

DORSEY, District Judge.

Plaintiff brings this action under 42 U.S. C. § 1983 alleging violations of due process in connection with four state court foreclosure actions filed against him in 1978. Defendant Northeast Savings, F.A. is the corporate successor of Hartford Federal Savings & Loan Association, the bank which filed the foreclosure actions in Connecticut Superior Court and in whose favor final judgments of foreclosure were entered in 1985. Defendant Robert Basine is an attorney who represented the banks in the foreclosure actions. Defendants Donna Galluzzo and Lorraine Whitehouse were not involved in the foreclosure actions, but subsequently bought the foreclosed properties from Northeast in June 1986.

*Facts and Procedural History*

Plaintiff's Second Amended Complaint is not a model of clarity, despite his extensive experience as a *pro se* litigant in both the state and federal court systems.[1] The complaint is not organized into separate counts or claims for relief and mixes factual allegations against defendants with legal arguments that the procedures followed in the state court actions were unconstitutional. For the purposes of the motions to dismiss, the court finds only the factual allegations to be true.

In September 1978, defendant Basine, acting as attorney for Hartford Federal, commenced four separate foreclosure actions in Superior Court on properties in which plaintiff held equity. Basine moved for appointment of a rent receiver for the properties, pursuant to Connecticut Practice Book §§ 504–510. Over plaintiff's objection, a receiver was appointed. Plaintiff alleges that he was not given notice of his defenses to the appointment of a receiver and that negligence of the receiver caused the properties to decline sharply in value.

The bank then obtained judgments of foreclosure by default based upon Tucker's failure to file timely pleadings. Tucker

---

1. *See, e.g., Hartford Federal Sav. & Loan v. Tucker,* 181 Conn. 607, 436 A.2d 1259 (1980); *Hartford Federal Sav. & Loan v. Tucker,* 196 Conn. 172, 491 A.2d 1084, *cert. denied,* 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985); *Tucker v. Maher,* 441 F.2d 740 (2d Cir.1971), *vacated and remanded,* 405 U.S. 1052, 92 S.Ct. 1489, 31 L.Ed.2d 787 (1972).

had filed his answer, special defenses and counterclaims on the day the motion for default came before the trial court for hearing, but that court refused to accept them. The judgments of foreclosure were vacated upon appeal on the ground that the pleadings were not untimely and the case was remanded for further proceedings. *Hartford Federal Sav. & Loan v. Tucker*, 181 Conn. 607, 491 A.2d 1084 (1980).

On remand, the first rent receiver resigned and defendant Basine, for Hartford Federal, moved for appointment of a second receiver. That motion was granted and a second receiver appointed, allegedly without affording plaintiff a meaningful hearing and without notice to plaintiff of his valid defenses. Plaintiff also alleges that the second receiver's negligence caused the properties to decline in value and to be foreclosed at depressed valuations and that defendants Basine and the banks concealed this negligence from him and the court. After a trial on the merits, the Superior Court granted judgments of strict foreclosure to the bank. These judgments were upheld on appeal. *Hartford Federal Sav. & Loan v. Tucker*, 196 Conn. 172, 491 A.2d 1084, *cert. denied*, 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985). In his appeal, plaintiff raised constitutional due process challenges to the appointment of the receivers and to the procedures by which the appointments were made, which the court rejected. *Id.* at 175–79, 182, 491 A.2d 1084 (rejecting due process claims, special defenses and counterclaims); *see* Opposition to Motion to Dismiss, Exhibit A at 104–05 (counterclaim raised on appeal based upon due process challenges).

*Discussion*

In considering a motion to dismiss the complaint of a *pro se* litigant, the court must consider all possible claims which are fairly presented in the complaint. To warrant dismissal of a *pro se* complaint, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *see also Bass v. Jackson*, 790 F.2d 260, 262 (2d

Cir.1986). A *pro se* litigant, unfamiliar with technical rules of pleading, ought not suffer dismissal if his complaint "sets forth matters that, with some refinement, can constitute legally sufficient claims." *Salahuddin v. Coughlin*, 781 F.2d 24, 29 (2d Cir.1986).

The allegations of plaintiff's Second Amended Complaint fall into three main categories:

First, Tucker attacks the results of the state foreclosure actions, alleging that the state trial court violated his due process rights in appointing rent receivers upon Basine's hearsay application without giving notice of Tucker's defenses. *See, e.g.*, Second Amended Complaint, ¶¶ 4, 15, 18, 23, "Relief by way of declaratory judgment" ¶ 2. He also alleges that the trial court's application of Connecticut Practice §§ 504–510 to appoint receivers in the foreclosures deprived him of due process. Specifically, he argues that the Practice Book violates Conn.Gen.Stat. § 51–14 and did not provide that he receive notice of his defenses; did not establish standards to govern the appointment of the rent receivers; and allowed the receivers to be appointed upon Basine's hearsay representations without affording Tucker a meaningful opportunity to be heard.

Second, plaintiff alleges that defendants willfully utilized the allegedly unconstitutional procedures to deprive him of his property, i.e., the four properties which were the subject of the foreclosures. *See* Second Amended Complaint, ¶¶ 4, 5, 6. The extent of the interrelation of this second category of claims to the first category is illuminated by plaintiff's claims for relief. Tucker asks for "declaratory judgments" that the four strict foreclosure judgments are null and void; that the equity of the property remains vested in him; and that the deed to Galluzzo and Whitehouse is void. Second Amended Complaint at 11. He further seeks damages for all rents which he would have collected, plus fees and costs of litigating the earlier actions. Second Amended Complaint at 11–12.

Third, the complaint can be read to challenge the constitutionality of the rent receiver rules on their face and to seek a declaratory judgment that the Practice Book §§ 504–510 are unconstitutional because they allow the deprivation of property without due process of law. Second Amended Complaint, ¶¶ 7–14.

*Jurisdiction*

Defendants argue that, to the extent the complaint seeks review of the state court judgments, this court lacks subject matter jurisdiction. A federal district court has no subject matter jurisdiction to review the final judgment of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). Such review may only be had in the Supreme Court of the United States. In his appeal to the Connecticut Supreme Court, plaintiff argued, as he does here, that the procedures for the appointment of rent receivers denied him due process of law, *see Hartford Federal Savings & Loan*, 196 Conn. at 176, 491 A.2d 1084, and that the Superior Court had erred in undervaluing the properties, in ordering strict foreclosure, and in denying his special defenses and counterclaims. *Id.* at 179–80, 491 A.2d 1084. The state courts have rejected these claims and the United States Supreme Court has denied certiorari for review of those determinations. *Id.*, 106 S.Ct. 250.

To the extent that the complaint seeks to challenge the merits of the state court determinations of those issues, that challenge is beyond the jurisdiction of this court.

*See Pennzoil Co. v. Texaco, Inc.*, —— U.S. ——, ——, 107 S.Ct. 1519, 1530, 95 L.Ed.2d 1 (1987) (Brennan, J., concurring in the judgment). It is irrelevant that Tucker did not specify in the state, as part of his due process challenges to the Connecticut statutes and rules, the precise ground that the Practice Book procedures did not afford him notice of his defenses.[2] The factual and legal basis for that claim was available to him throughout the state court proceedings and had he chosen to present the claim those courts were competent to adjudicate it.[3] *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir.1986), *rev'd on other grounds*, —— U.S. ——, 107 S.Ct. 1519, 95 L.Ed.2d 1; *see District of Columbia Court of Appeals*, 460 U.S. at 484 n. 16, 103 S.Ct. at 1315 n. 16 (litigant may forfeit right to obtain review of constitutional claims in any federal court by failing to raise them in state proceedings). In fact, he challenged the result of the state proceedings and the rules by express reference. Indeed, the Connecticut Supreme Court addressed Tucker's other due process challenges to the application of the rent receiver rules and there is no allegation that he was refused an opportunity to raise the present claims.

Tucker attempts to cast his challenge to the outcome of the state proceedings as a § 1983 cause of action. However, his characterization of his claim does not confer jurisdiction upon a federal district court where the federal claim is " 'inextricably intertwined with the merits of a state-court judgment.' " *Pennzoil*, —— U.S. at ——, 107 S.Ct. at 1533 (Marshall, J., concurring in the judgment), quoting *Dis-*

---

**2.** Similarly, Tucker cannot now raise in federal court a challenge to the rent receiver Practice Book sections based upon the state statute, Conn.Gen.Stat. § 51–14. Such a state law claim cannot support federal question jurisdiction, whether raised in the state court or not.

**3.** Tucker argues that changes in due process law since 1981 excuse his failure to challenge the Practice Book sections for failing to give notice of his defenses. Opposition to Motion to Dismiss at 4–5. He does not, however, identify any specific valid defenses which were available to him and which the lack of notice prevented him from raising during the state proceedings, dur-

ing which extensive hearings were held on the appointment of receivers. Moreover, the cases cited by Tucker were decided in early 1983. His appeal was not argued until February 1985. *See Nelson v. Regan*, 560 F.Supp. 1101 (D.Conn. 1983), *aff'd*, 731 F.2d 105 (2d Cir.), *cert. denied*, 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984); *Wright v. Taneszio*, Civil No. N–81–353 (D.Conn. Mar. 11, 1983) (Ruling on Motion for Summary Judgment). Thus, Tucker was not prevented from bringing any deficiency in the Practice Book notice procedures based on decided law to the attention of either the Supreme Court of Connecticut or of the United States.

*trict of Columbia Court of Appeals,* 460 U.S. at 483–484 n. 16, 103 S.Ct. at 1315–1316 n. 16. The gravamen of Tucker's constitutional claim is that defendants used unconstitutional state court procedures to deprive him of his property. A judgment for plaintiff on his § 1983 claim, awarding damages for lost rent and title to the subject properties, would require a finding that he was denied due process by the state court's application of the rent receiver rules. However, the Connecticut Supreme Court determined that the application of the state procedures to Tucker in the foreclosure proceedings did not deny him due process of law and that he was given notice and a meaningful opportunity to be heard in the appointment of the receiver. *Hartford Federal Savings & Loan,* 196 Conn. at 177, 491 A.2d 1084. It is clear that the federal relief sought by Tucker "can only be predicated upon a conviction that the state court was wrong." *Pennzoil,* —— U.S. at ——, 107 S.Ct. at 1533. That this court is without jurisdiction to do.

Tucker seeks to relitigate the state proceedings by the device of naming as defendants the party which prevailed in state court and its attorney. This is no less an attempt to convert an appeal of a state judgment into a § 1983 cause of action. The portions of the complaint which allege that plaintiff was deprived of property without due process of law by defendants' application of the rent receiver procedures of Practice Book §§ 504–510 in the state foreclosure proceedings must be dismissed for lack of subject matter jurisdiction.[4]

*Standing*

The remaining portions of the complaint, not directed at the outcome of the foreclosure actions, may be read as a *general* challenge to the constitutionality of the rent receiver provisions as failing to pro-vide due process to property owners. *See* Second Amended Complaint, ¶¶ 7–14. Such a challenge is within the subject matter jurisdiction of this court. *See District of Columbia Court of Appeals,* 460 U.S. at 483, 103 S.Ct. at 1316 (distinguishing review of state court application of procedures from general challenge to their constitutionality). Defendants argue that Tucker has no standing to raise a facial challenge to the procedures because he is barred from asserting any past injury caused by their application to him and thus presents no justiciable issue.

Article III of the Constitution requires that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *see United States v. Herrera,* 584 F.2d 1137, 1148 (2d Cir.1978) (where criminal statute was valid as applied to convicted defendants, they had no standing to assert a broad challenge based on rights of others). Thus, a plaintiff seeking a declaratory judgment that a state law or procedure is invalid must allege that he has suffered, or will suffer, a cognizable injury from the application of the state law which the judgment will redress. *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); *Association Against Discrimination in Employment, Inc. v. City of Bridgeport,* 710 F.2d 69, 73 (2d Cir.1983).

Plaintiff's complaint does not meet this threshold test. Each of the injuries alleged relate to the state court proceedings and to claims of error therein. As discussed above, the state proceedings are not reviewable by this court and they cannot form a cognizable basis for a facial challenge to the rent receiver procedures.

---

**4.** Even were the court to hold that Tucker's § 1983 claims are separate and collateral to the merits of the state court judgment, they would be barred by res judicata principles. The prior state judgment is preclusive as to all issues actually litigated in that action, including the issue of whether the state procedures afforded Tucker due process. *Friarton Estates Corp. v. City of* *New York,* 681 F.2d 150, 158–59 (2d Cir.1982); *Vasquez v. Van Lindt,* 724 F.2d 321, 325 (2d Cir.1983); *Kaufman v. Somers Bd. of Educ.,* 368 F.Supp. 28, 34–35 (D.Conn.1973); *Katz v. State of Connecticut,* 307 F.Supp. 480, 484 (D.Conn.), aff'd, 433 F.2d 878 (2d Cir.1970); *see also* 42 U.S.C. § 1983 (federal courts must accord full faith and credit to state court judgments).

Even if the court were to undertake such review and declare the procedures invalid, res judicata would prevent the court from granting the redress plaintiff seeks—effectively a reversal of the state court judgments of foreclosure. Thus, the declaratory relief requested will not redress the injury claimed. *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 75 n. 20, 98 S.Ct. 2620, 2631 n. 20, 57 L.Ed.2d 595 (1978) (requiring "substantial likelihood" that relief will redress injury). The prior state judgments have conclusively established that plaintiff was not deprived of due process by the application of the Connecticut rent receiver procedures. Those judgments are conclusively adjudicated and cannot constitute redressable "injuries." There is no allegation that *prospective* application of the rent receiver rules will cause him any actual and imminent injury. Thus, plaintiff has no standing to challenge the constitutionality the Practice Book §§ 504–510. *See Northeast Bancorp, Inc. v. Woolf,* 576 F.Supp. 1225, 1232 (D.Conn.1983), *aff'd,* 742 F.2d 1439 (2d Cir.1984).

*Conclusion*

Accordingly, the complaint must be dismissed in its entirety. Defendants' motions to dismiss are granted.

SO ORDERED.